UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ROGER KIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| AUTO ZONE, INC. | ) JURY TRIAL DEMAND |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Roger Kight, brings this action for legal and equitable relief to redress the injuries done to him by defendant.

## COUNT I - ADEA

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §2000(e)-(5)f in order to protect rights guaranteed by the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq..

2. The unlawful employment practices complained of were committed within the Western District of Missouri, Southern Division.

## PARTIES

3. Plaintiff, Roger Kight, is a 52-year-old male citizen of the United States who resides in the Western District of Missouri.

4. Defendant AutoZone, Inc., is a corporation that does business in Missouri, is an employer under 42 U.S.C. §2000(e)(b) and 29 U.S.C. § 630(b), and is engaged in an

industry affecting commerce within the meaning of 42 U.S.C. §2000(e)(h) and §12111(5).

## ADMINISTRATIVE PROCEDURES

5. Plaintiff, Roger Kight, timely filed charges of discrimination with the Equal Economic Opportunity Commission (hereinafter EEOC).

6. Thereafter, plaintiff received the Notice of Right to Sue from the EEOC and has initiated this action within ninety days of receipt thereof.

## FACTS

7. Plaintiff was hired on or about July 11, 1995 by AutoZone, Inc..

8. Plaintiff was qualified for his job as commercial specialist and he received excellent evaluations.

9. Plaintiff's immediate supervisor, Steve Sinor, made a number of statements concerning plaintiff's age. Some of the statements were as follows:

> He would tell the plaintiff that he was too old and too sick to perform his job duties.
>
> He would say over the loudspeaker, "all you guys over 50 should go 'p' now."
>
> He would say to a customer that he should go over to see the old gray haired fat man or fart referring to the plaintiff.

9. Plaintiff had told the district manager, Mr. Greenwood, about the statements and that they offended him.

10. Auto Zone's Employee Relations Department was fully aware of the issues involved because Cecil Hall, a fellow employee, had reported the matter. The

Employee Relations people instructed Mr. Hall that this was to be reported to the district manager, Mr. Greenwood.

11. The district manager refused to do anything about the complaints.

12. Plaintiff was terminated in retaliation on January 2, 2003.

13. The reasons given for the termination were not true.

14. Plaintiff was replaced by a much younger employee.

15. The plaintiff was subjected to a hostile environment and/or was terminated because of his age, over 40, in violation of the Age Discrimination Employment Act (ADEA).

16. Defendant's conduct was intentional, with evil motive, and with reckless indifference and disregard for plaintiff's rights.

17. As a consequence of defendant's actions and omissions, as described herein, plaintiff has lost and continues to lose wages and other financial incidents and benefits of employment.

18. As a consequence of defendant's intentional discrimination, plaintiff has suffered great emotional distress, anxiety, stress, embarrassment, humiliation, pain and suffering.

19. As a consequence of defendant's actions, plaintiff has incurred and will continue to incur attorney's fees, costs and expenses.

WHEREFORE, plaintiff prays for judgment in his favor and against defendant for lost wages and other benefits of employment, for liquidated damages, for equitable damages, for prejudgment interest, for his attorney's fees and costs, and for such additional relief as this Court deems appropriate.

## COUNT II-RETALIATION

20. Plaintiff realleges and incorporates by reference, as if fully set forth herein, paragraphs 1 thru 14.

21. One of the reasons plaintiff was terminated was in retaliation for reporting the discriminatory acts of his supervisor that violated the ADEA.

22. Defendant's conduct was intentional, with evil motive, and with reckless indifference and disregard for plaintiff's rights.

23. As a consequence of defendant's actions and omissions, as described herein, plaintiff has lost and continues to lose wages and other financial incidents and benefits of employment.

24. As a consequence of defendant's intentional discrimination, plaintiff has suffered great emotional distress, anxiety, stress, embarrassment, humiliation, pain and suffering.

25. As a consequence of defendant's actions, plaintiff has incurred and will continue to incur attorney's fees, costs and expenses.

WHEREFORE, plaintiff prays for judgment in his favor and against defendant for lost wages and other benefits of employment, for liquidated damages, for equitable damages, for prejudgment interest, for his attorney's fees and costs, and for such additional relief as this Court deems appropriate.

Respectfully submitted,


/s/ Clifford B. Faddis, Jr.
Clifford B. Faddis, Jr.     #24124
Attorney for Plaintiff
3030 S. Grand Avenue, Suite 200
St. Louis, MO   63118
(314) 773-3566
(314) 773-3615 FAX