IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ROGER KIGHT, )
)
          Plaintiff, )
)
v. ) Case No. 04-3165-CV-S-FJG
)
AUTOZONE, INC., )
)
          Defendant. )

# ORDER

Currently pending before the Court is defendant's Motion for Summary Judgment (Doc. # 26).

## I. BACKGROUND

Plaintiff Roger Kight was hired by defendant AutoZone as a full time salesperson on July 11, 1995. He was promoted to a Parts Sales Manager on September 10, 1995. He was subsequently promoted to a Commercial Sales Specialist on September 27, 1998. Kight was 51 years old at the time of his termination. Kight received performance evaluations from the store manager, Steve Sinor, on April 2, 2002 and November 14, 2002 in which he was rated as "exceeds expectations." Kight was terminated on January 2, 2003 for alleged policy violations. Plaintiff filed a two count Complaint on May 6, 2004, alleging violations of the Age Discrimination in Employment Act ("ADEA") and retaliation for engaging in protected activity.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

### III. DISCUSSION

**A. Count I - ADEA Claim**

After reviewing the parties' briefs, the authorities cited therein and the exhibits attached, the Court finds that there are disputed issues of fact which prevent the Court from granting defendant's Motion for Summary Judgment on plaintiff's ADEA claim.

2

## B. Count II - Retaliation Claim

"To establish a *prima facie* case of retaliation, [plaintiff] had to show that he 'participated in a protected activity,' that [his employer] 'took an adverse employment action against [him],' and that there was a causal relationship between the two." Trammel v. Simmons First Bank of Searcy, 345 F.3d 611, 615 (8th Cir. 2003), quoting Calder v. TCI Cablevision of Missouri., Inc., 298 F.3d 723, 731 (8th Cir. 2002). Plaintiff argues that he engaged in protected activity when he reported the age discrimination to Grant Bagwell, Jerry Stauch, Randy Lawrence and Jason Greenwood. Additionally, he claims that his allegations were detailed in his blue notebook which was taken from him by Mr. Sinor and reviewed by Jason Greenwood and Grant Bagwell.

In his deposition, plaintiff testified that he went to Cuba, Missouri in June 2002 to talk with Jerry Stauch and to tell him about the discrimination and what was going on in the store. (Exh. H, p. 29). However, plaintiff then goes on to describe how Mr. Stauch explained to him that he was taking a different position and that plaintiff would have to talk to Jason Greenwood. When asked if he ever spoke with Mr. Greenwood, plaintiff testified as follows:

Q. Did you talk to Jason?
A. Yeah. I tried about four times and he was supposed to set up deals, and that's when he told me I was too thin-skinned. I even asked Rocky, "Will you ask Jason when he's coming?" Rocky would tell me that he'd be here on a certain-certain date, and Jason would never show up.
Q. Now you said you did talk to Jason, then?
A. I called him finally, after all these meetings was not, I said, "Jason, why will you not hear our complaints and come down here? . . . And that's when he told me I was too thin-skinned.
Q. Did you tell him what the complaints were?
A. No, sir, I did not.
Q. Why not?
A. I wanted to tell him face to face.

3

Q. When he said you were too thin-skinned, what was he talking about?
A. I'm sure he already knew from Jerry Stauch.
Q. Again, do you know what he was talking about when –
A. He knew there were complaints about Steve.
Q. How did he know that?
A. I told him I had complaints about Steve.
Q. But you didn't tell him what they were?
A. No.

(Exh. H, pp. 144-145).

Thus, although plaintiff claims that he reported his allegations of discrimination to his supervisors, his deposition testimony contradicts this assertion. Plaintiff also claims that he kept a record of his allegations in a blue notebook, which was uncovered and turned over to the store manager, Mr. Sinor, shortly before he was terminated. However, when questioned regarding the notebook, plaintiff stated:

Q. In you blue book, did you go into all these alleged claims of age discrimination, things that Steve had done that you felt were discriminatory?
A. I went through a lot of them: the farting, the not being at the store, him calling us old men. That type of stuff, yes.

(Exh. H, p. 138).

Mr. Hall, another employee who worked at the store testified as follows:

Q. Were you personally aware of a blue book that Mr. Kight kept?
A. Yes. I'm aware of that book. In fact, that book was the basis of my complaint to Chris Odom, the LP manager. Roger kept the book in the commercial work area on a shelf, slightly over the area. In the book contained information on Steve's arrival times, going times, who he was letting merchandise out of the store without being paid for. The times he would cause hate and discontent among the commercial people. I think there was other things in there, perhaps, about me not being able to complete my jobs. The times that Roger would have to go to the doctor and Steve would complain about him being old and sick.

(Exh. E, Hall Depo. p. 43).

Even assuming that the notebook contained information relating to plaintiff's age discrimination allegations, there is no evidence that plaintiff actually took any action with

4

regard to the notebook or that he actually reported the contents of the notebook to any superior. "Opposing or complaining of discriminatory treatment is a protected activity." Garrison v. Kemin Industries, Inc., No. 4:03-CV-40409-JEG, 2005 WL 852533 (S.D.Iowa, Apr.11, 2005). Based upon a review of the parties' pleadings and the exhibits, the Court determines that plaintiff has failed to demonstrate the he engaged in any protected activity. Although he attempted to contact a supervisor to complain about the actions of Mr. Sinor, the store manager, he was unsuccessful in this attempt. Additionally, although he kept a notebook, which may have contained some information regarding age comments made by Mr. Sinor, there is no evidence that the plaintiff reported or communicated this information to anyone. Accordingly, the Court finds that plaintiff has failed to establish a prima facie case of retaliation because he cannot show that he engaged in a protected activity. Therefore, the Court **GRANTS** defendant's Motion for Summary Judgment on plaintiff's retaliation claim.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** defendant's Motion for Summary Judgment on Count I - the ADEA claim and **GRANTS** defendant's Motion for Summary Judgment on Count II - the Retaliation claim. Defendant's Motion for Summary Judgment is hereby **DENIED in part** and **GRANTED in part** (Doc. # 26).

Date: February 23, 2006         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
       United States District Judge